**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---

JEAN EMMANUEL RODRIGUEZ,

    Plaintiff,

v.

WAWA INC, et al.,

    Defendants.

1:18-cv-13586-NLH-JS

**MEMORANDUM OPINION & ORDER**

---

**APPEARANCES:**

JEAN EMMANUEL RODRIGUEZ
100 NEW ROAD, APT. F3
SOMERS POINT, NEW JERSEY 08244

    Appearing *pro se*

**HILLMAN**, District Judge

    WHEREAS, Plaintiff, Jean Emmanuel Rodriguez, appearing *pro se*, has filed a complaint against Defendants, Wawa Inc, Brandon Doe, Patricia Warren, Gabrielle B., Erin P. Loucks, Mike Rainey, Jane Doe, Janett Doe, and the Somers Point Police Department; and

    WHEREAS, Mr. Rodriguez claims that on or around March 2015, Defendants Mike Rainey, Patricia Warren, Brandon Doe, Gabrielle B. (collectively, "the Wawa employees"), and "various Wawa Inc employee[s] conspired to deny [Mr. Rodriguez] service based on [his] race and creed"; and

    WHEREAS, Mr. Rodriguez claims that the Wawa employees

conspired with the Somers Point Police Department to convict him of robbery and, in doing so, "destroyed evidence and created a false accusation of robbery to deny [him] service, deprive [him] of [his] freedom, and deprive [him] of his livelihood," and ultimately stopped carrying the product that he bought; and

WHEREAS, Mr. Rodriguez claims that he has suffered significant hardships as a result and seeks $30 million in damages; and

WHEREAS, Mr. Rodriguez filed an application to proceed without prepayment of fees ("in forma pauperis" or "IFP" application), which the late Honorable Jerome B. Simandle approved on January 18, 2019, pursuant to 28 U.S.C. § 1915(a)(1); and

WHEREAS, although § 1915 refers to "prisoners," federal courts apply § 1915 to non-prisoner IFP applications, Hickson v. Mauro, Civil Action No. 11-6304, 2011 WL 6001088, at *1 (D.N.J. Nov. 30, 2011) (citing Lister v. Dep't of Treasury, 408 F.3d 1309, 1312 (10th Cir. 2005) ("Section 1915(a) applies to all persons applying for IFP status, and not just to prisoners.")) (other citations omitted); and

WHEREAS, the screening provisions of the IFP statute require a federal court to dismiss an action *sua sponte* if, among other things, the action is frivolous or malicious, or if it fails to comply with the proper pleading standards, see 28

U.S.C. § 1915(e)(2)(B)(i)-(iii); Ball v. Famiglio, 726 F.3d 448, 452 (3d Cir. 2013); Martin v. U.S. Dep't of Homeland Sec., Civil Action No. 17-3129, 2017 WL 3783702, at *1 (D.N.J. Aug. 30, 2017) ("Federal law requires this Court to screen Plaintiff's Complaint for sua sponte dismissal prior to service, and to dismiss any claim if that claim fails to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6) and/or to dismiss any defendant who is immune from suit."); and

WHEREAS, *pro se* complaints must be construed liberally, and all reasonable latitude must be afforded the *pro se* litigant, Estelle v. Gamble, 429 U.S. 97, 107 (1976), but *pro se* litigants "must still plead the essential elements of [their] claim and [are] not excused from conforming to the standard rules of civil procedure," McNeil v. United States, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); Sykes v. Blockbuster Video, 205 F. App'x 961, 963 (3d Cir. 2006) (finding that *pro se* plaintiffs are expected to comply with the Federal Rules of Civil Procedure); and

WHEREAS, Mr. Rodriguez alleges various constitutional violations and his claims are brought pursuant to 42 U.S.C. §

1983[1], with subject matter jurisdiction existing pursuant to 28 U.S.C. § 1331[2]; but

WHEREAS, to state valid § 1983 claims, a plaintiff must allege (1) the violation of a right secured by the Constitution or laws of the United States, and (2) the alleged deprivation was committed or caused by a person acting under color of state law, West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255–56 (3d Cir. 1994); and

WHEREAS, Mr. Rodriguez's claims, as they are currently pleaded, fail as a matter of law because none of the Defendants can be sued under § 1983 because, in the case of all Defendants other than the Somers Point Police Department, they are not state actors, see Kach v. Hose, 589 F.3d 626, 646 (3d Cir. 2009) "[A] plaintiff seeking to hold an individual liable under § 1983 must establish that she was deprived of a federal constitutional or statutory right by a state actor."), and, in the case of the

---

[1] 42 U.S.C. § 1983 provides, in relevant part, "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

[2] 28 U.S.C. § 1331 provides, "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

Somers Point Police Department, they are not "persons" who can act under color of state law, see Miles v. Ansari, Civil Action No. 10-cv-6179, 2011 WL 2974709, at *2 (D.N.J. July 21, 2011) ("Generally, a police department does not constitute a 'person' under § 1983 jurisprudence and therefore is not subject to suit and liability pursuant to that statute."); and

WHEREAS, to the extent that Mr. Rodriguez seeks to plead claims other than under § 1983, he has failed to state a specific legal basis for his claims, which is necessary to establish subject matter jurisdiction, see Fed. R. Civ. P. 8(a) ("A pleading that states a claim for relief must contain . . . a short and plain statement of the grounds for the court's jurisdiction.");

THEREFORE,

IT IS on this **23rd** day of **MARCH** **2020,**

**ORDERED** that Mr. Rodriguez's complaint is **DISMISSED WITHOUT PREJUDICE**, in its entirety, for the reasons stated above; and it is further

**ORDERED** that Mr. Rodriguez shall have 20 days from the date of today's Order to amend his complaint to address the faults noted herein; and it is further

**ORDERED** that if Mr. Rodriguez fails to file an amended complaint within the timeframe allotted, this case will be dismissed; and it is further

**ORDERED** that the Clerk of the Court mail to Mr. Rodriguez, via regular mail, a blank *pro se* complaint form to assist him in his efforts to amend his complaint.

|  |  |
|---|---|
| At Camden, New Jersey | s/Noel L. Hillman<br>NOEL L. HILLMAN, U.S.D.J. |